## JOHN SAUKKO AND ANOTHER v. GEORGE LEKSEN.

162 N. W. (2d) 722.

November 22, 1968—No. 41187.

*John P. Weber*, for appellants.

*O'Leary, Trenti, Berger & Carey*, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Plaintiffs claim that defendant was negligent and that such negligence was the proximate cause of an automobile collision resulting in personal injury to each plaintiff. A jury, however, found that defendant was not negligent. Plaintiffs appeal from an order denying their post-trial motion for judgment notwithstanding that verdict or for a new trial.

Plaintiffs' principal claim is that defendant was negligent as a matter of law. Plaintiff John Saukko was driving his automobile in a westerly direction on U. S. Highway No. 2 in Itasca County, near the village of Warba. His automobile was followed at a close interval by a pickup truck camper. Defendant, George Leksen, driving in the same direction, approached the rear of the camper vehicle in a no-passing zone. Because of the intervening camper, neither of the Saukkos saw the Leksen automobile, and he did not see them. The collision occurred when the Leksen automobile, in the act of passing the camper vehicle at the end of the no-passing zone, struck the Saukko vehicle as it was turning left into a private gravel driveway on the left side of the open highway.

The highway consisted of two lanes, 12 feet wide, with tarvia shoulders, 8 feet wide. Preparatory to making a left-hand turn, as the jury could find, plaintiff John Saukko, aware that the camper vehicle was only three or four car lengths behind him, reduced his speed to about 6 or 7 miles per hour and moved to the extreme right of the highway. De-

fendant, passing at a speed of 50 to 55 miles per hour, came abreast of the camper vehicle and for the first time could see approximately 2 feet into the right-hand lane; he could see that the Saukko automobile was not next to the centerline. At that approximate moment, the Saukko automobile angled into the left-hand lane, toward the gravel driveway. Defendant swerved and braked, laying down approximately 44 yards of skid marks, but could not then avoid striking the Saukko automobile, which was directly in his path.

Whether defendant was negligent was in these circumstances clearly an issue of fact for the jury to decide. It is not merely a question of defendant's duty to observe vehicles immediately in front of the passed vehicle; rather, the jury had to determine whether defendant was under a duty to observe a vehicle on the right-hand side of the highway and to anticipate that a vehicle not in proximity to the centerline might turn left into a driveway on the left side. We cannot hold that his not doing so was negligence as a matter of law.

■ We have studied the several instructions of the trial court challenged by plaintiffs. The more ambiguous instructions related to the issue of plaintiff John Saukko's contributory negligence,[1] which would not be attributable to plaintiff Jennie Saukko. Implicit in the jury verdict, however, is the finding that defendant was not negligent, so defects in the court's instructions as to contributory negligence, if any, were without prejudice.

Affirmed.

---

[1] The court instructed, for example: "There is no obligation or legal duty for the driver of a motor vehicle intending to turn left from a public highway onto a private driveway to drive his vehicle on the right shoulder of the road, so as to allow the following vehicle or vehicles to pass before making his left turn, *unless a reasonable driver under all circumstances of a particular situation would or should have done so.*" The instruction was requested by plaintiffs themselves, except that the italicized language was inserted by the court. Defendant, however, did not contend that plaintiff John Saukko had a duty to move to the right-hand side of the road but contended only that, *as a matter of fact,* plaintiff John Saukko *had actually done so.*